

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 14, 1967

Hon. Preston Smith
Lieutenant Governor
State of Texas
Austin, Texas

Dear Governor Smith:

Opinion No. M-23

Re: Whether chiropractic services
are included in the provisions
of Section 2 of Senate Bill 2,
Acts 60th Legislature. (Med-
ical Assistance Act of 1967.)

You have requested the opinion of this office as
to whether chiropractic services are included in the pro-
visions of Section 2 of Senate Bill 2, Acts of the 60th
Legislature, the proposed Medical Assistance Act of 1967.

Section 2 of Senate Bill 2, the proposed Medical
Assistance Act of 1967, provides, in part, that:

"It is the intent of the Legislature to make
statutory provision which will enable the State
of Texas to provide Medical Assistance on behalf
of needy individuals of this State and to enable
the State to obtain all benefits provided by the
Federal Social Security Act as it now reads or as
it may hereafter be amended, or by any other Federal
Act now in effect or which may hereafter be enacted
within the limits of funds available for such
purposes. Wherever used in this Act the term 'Medical
Assistance' shall include all of the health care,
services, assistance and benefits authorized or
provided for in such Federal Legislation." (Emphasis
added.)

The proposed Medical Assistance Act of 1967,
Senate Bill 2, is enabling legislation to authorize the
State of Texas, acting through the State Department of Public
Welfare, to receive grants, pursuant to Title XIX of the
Social Security Act, enacted by the Social Security Amendments
of 1965 (Public Law 89-97) for medical assistance programs.

Section 1902 of the Social Security Act (42 U.S.C.A.
§ 1396a) provides, in part, that:

- 96 -

"(a)  <u>A State plan for medical assistance must</u>. . . .

   "(1)  provide that. . . .

   ". . . .

   "(10)  provide for making medical assistance
          available to all individuals receiving
          aid or assistance under State plans
          approved under titles I, IV, X, XIV,
          and XVI; and. . . .

          "(A)  . . .provide that the medical
                assistance made available to
                individuals receiving aid or
                assistance under any such State
                plan. . . .

                "(i)  <u>Shall not be less in amount,
                      duration or scope than the
                      medical assistance made avail-
                      able to individuals receiving
                      aid or assistance under any
                      other such State plan, and</u>

          "(ii) . . . .

   ". . . .

   "(13)  provide for inclusion of some institutional
          and some non-institutional care and services,
          <u>and effective July 1, 1967 provide (A) for
          inclusion of at least the care and services
          listed in clauses (1) through (5) of Section
          1905(a)</u>. . . ."  (Emphasis added.)

     Section 1905 of the Social Security Act (42 U.S.C.A.
§ 1396d) provides, in part, that:

          "(a)  The term 'medical assistance' means payment
                of part or all of the cost of the following
                care and services. . . .

          ". . . .

"(1)   inpatient hospital services (other than services in an institution for tuberculosis or mental diseases);

"(2)   outpatient hospital services;

"(3)   other laboratory and x-ray services;

"(4)   skilled nursing home services (other than services in an institution for tuberculosis or mental diseases) for individuals 21 years of age or older;

"(5)   physicians' services, whether furnished in the office, the patient's home, a hospital, or a skilled nursing home, or elsewhere;

"(6)   medical care, or any other type of remedial care recognized under State law, furnished by licensed practitioners within the scope of their practice as defined by State law;

"(7)   . . . ."   (Emphasis added.)

The Handbook of Public Assistance Administration, Supplement D, Medical Assistance Programs, prepared by the U. S. Department of Health, Education, and Welfare, sets forth, at page 3 of Section D-5141, certain definitions applicable to Section 1905(a) (5) and Section 1905(a) (6) of the Social Security Act.   In connection with the physicians' services provided for in Section 1905(a) (5), the following definition is set forth:

"The term 'physicians' services' is defined as those services provided, within the scope of practice of his profession as defined by State law, by or under the personal supervision of an individual licensed under State law to practice medicine or osteopathy." (Emphasis added.)

In connection with the medical care or other type remedial care provided for in Section 1905(a) (6), the following definition is set forth:

"This term is defined as <u>any services other than physicians' services, provided within the scope of practice as defined by State law, by an individual licensed as a practitioner under State law.</u>" (Emphasis added.)

Pursuant to the foregoing provisions of Title XIX of the Social Security Act (Public Law 89-97), and the applicable definitions found in the Handbook of Public Assistance Administration, a State desiring to avail itself of the medical assistance program benefits provided for in Title XIX of the Social Security Act must, in its plan, provide the medical assistance services set forth in Section 1905(a)(1) through (5). The remainder of the medical assistance services set forth in Section 1905(a)(6) through (15) are merely services which the State plan may provide if it so desires, unless they are presently being provided by the State under an existing medical assistance program, in which event such medical assistance services must be continued.

Pursuant to the provisions of Article 695j, Vernon's Civil Statutes, the State of Texas presently has in operation a program providing for certain medical benefits to recipients of public assistance. Section 1 of Article 695j provides in part that:

"(a) The term 'Medical Assistance' means <u>monetary assistance paid to a vendor of medical services</u> and/or vendor of hospital services or a vendor of nursing care rendered on behalf of a recipient of public assistance. 'Medical Assistance' shall be in addition to and separate from the grants of public assistance payable directly to the recipients.

"(b) The term <u>'vendor of medical services' means any person as defined under Subsection (1) of this Section</u> providing medical services to a recipient of public assistance.

". . . .

"(1) The term <u>'physician' means a person licensed by the Texas State Board of Medical Examiners.</u>

". . . ." (Emphasis added.)

Section 4 of Senate Bill 2, the proposed Medical Assistance Act of 1967, provides, in part, that:

"The State Department is hereby authorized and empowered to determine the scope of the services to be covered. . . .

"Medical Assistance provided for these groups shall be not less in scope, duration, or amount than is currently furnished such groups, and in addition, shall include at least the minimum services required under Federal Laws and rules and regulations. . . .

"The State Department is authorized and empowered, at such times as the State Department may determine feasible and within the limits of appropriated funds, to extend the scope, duration, and amount of Medical Assistance on behalf of these groups of public assistance recipients and related groups as are mandatory so as to include, in whole or in part, the optional medical services authorized under Federal Laws and rules and regulations. . . ." (Emphasis added.)

Senate Bill 2, the proposed Medical Assistance Act of 1967, authorizes the State Department of Public Welfare to engage in a medical assistance program whereby the State of Texas will be able to receive Federal matching funds pursuant to Title XIX of the Social Security Act. The scope of medical services to be made available to public assistance recipients is left to the discretion of the State Department of Public Welfare within the limits of available funds. However, to qualify for Federal matching funds pursuant to Title XIX of the Social Security Act, the State Department of Public Welfare must include in its medical assistance program the services set forth in Section 1905(a)(1) through (5) of the Social Security Act. Such being the case, the "physicians' services" provided for in Section 1905(a)(5) of the Social Security Act must be made available to public assistance recipients. However, such "physicians' services" must be supplied by individuals licensed in Texas to practice medicine or osteopathy.

Consequently, we are of the opinion that in view of the fact a chiropractor offering chiropractic service is not licensed to practice medicine or osteopathy in the State of Texas pursuant to the provisions of Articles 4495-4512, Vernon's Civil Statutes, but is licensed to

practice chiropractic pursuant to the provisions of Article
4512b, Vernon's Civil Statutes, such chiropractic services
are not included within the terms of "physicians' services"
set forth in Section 1905(a)(5) of the Social Security Act.
Also, as chiropractic services are presently not available
to public assistance recipients by virtue of Article 695j,
it is not mandatory that such services be made available
under the provisions of the proposed Medical Assistance Act
of 1967, Senate Bill 2, to comply with the requirements of
Title XIX of the Social Security Act. However, in this
connection, should the State Department of Public Welfare
elect to extend the medical benefits available pursuant to
the Medical Assistance Act of 1967 to those services re-
ferred to in Section 1905(a)(6) of the Social Security Act,
then, in such event, chiropractic services could be made
available to public assistance recipients.

## S U M M A R Y

To comply with the provisions of Title
XIX of the Social Security Act, whereby
Federal matching funds can be obtained,
Senate Bill 2, the proposed Medical Assist-
ance Act of 1967, must make available the
medical assistance benefits set forth in
Section 1905(a)(1) through (5) of the
Social Security Act (42 U.S.C.A. § 1396d)
to public assistance recipients. Such
benefits do not include, however, chiro-
practic services.

The State Department of Public Welfare
is given the authority under Senate Bill
2, the Medical Assistance Act of 1967, to
extend at its discretion, the scope of
benefits available to recipients of public
assistance to include those services set
forth in Section 1905 (a)(5) through (15)
of the Social Security Act (42 U.S.C.A. §
1396d). Should the State Department of
Public Welfare elect to extend medical

assistance benefits to those services referred to in Section 1905(a)(3) of the Social Security Act, then, in such event, chiropractic services could be made available to public assistance recipients.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Bailey
Assistant Attorney General
PB:eck:dh

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
W. O. Shultz
John Grace
Roger Tyler

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.